-C.O.A.#-01-14-00466-CR-
-Trial Court Cause #940376-

29,520-19

Rec'd
~~FILED IN~~
1ST COURT OF APPEALS
HOUSTON, TEXAS
JAN 30 2015
CHRISTOPHER A. PRINE
CLERK

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 04 2015
Abel Acosta, Clerk

This document contains some pages that are of poor quality at the time of imaging.

In Re: Ted Lawrence Robertson § In The Texas Court § Of Criminal Appeals

-Motion For Leave To File Petition For Writ Of Mandamus-

To The Honorable Judges/Justices Of Said Court:

Comes Now Ted L. Robertson, Relator Pro-Se, In The Above-Captioned Cause, And Respectfully Moves The Court For Leave To File A Petition For Writ Of Mandamus, In The Above-Captioned Cause, And, In Support Thereof, Relator Would Show The Court, The Following:

I

"Relator Seeks Review And Reversal Of The Judgment, Issued By Houston, Texas First (1st) Court Of Appeals In Cause #01-14-00466-CR," to wit; "Failure To Compel The 179th Harris County District Court To Vacate and/or Set Aside," The "Void Nunc-Pro-Tunc Judgment, Issued By 179th Harris County District Court In Cause #940376 On February 11, 2009." (Cr.#33, 39 & #73)

"Said Nunc-Pro-Tunc Judgment (Cr.#39) Is "Void" Because Inter Alia," The 179th District Court Lacked Subject-Matter Jurisdiction, 179th District Court Failed To Provide Relator With Notice Of, and/or "Hearing On," Said "Motion For A Nunc-Pro-Tunc Judgment," As "Mandated By Texas Rules Of Civil Procedure #316 and 316a," Which "Is A Failure To Comply With A Mandatory Jurisdictional Statutory Requirement Mandated;" And "179th District Court's Said Nunc-Pro-Tunc Judgment Attempts To Correct," "If Any Error At All" "A Judicial Error, Not Clerical Omission, After Expiration Of 179th Trial Court's Plenary Power / Plenary Jurisdiction Over Cause #940376."

"The Original / Written Rendition Of Judgment, In Cause #940376," Was Signed By 179th Trial Court Judge George H. Godwin On [illegible]" (Cr.#22) But, Nunc-Pro-Tunc Judgment (Cr.#39) Was Signed February 11, 2009."

By New 174 Trial Court Judge Ruben Guerrero", Some "Five (5-6) Six Years After" Conviction In Cause #940376, (Ex. #39) and "Long After Relator Filed Direct Appeal, Motion (P.D.R.) For Discretionary Review, Several 11.07 Habeas Corpus Applications and §2254 Federal Habeas Corpus Applications." However, Despite All Of This, The Respondent Texas First Court Of Appeals Denied Mandamus Relief In Cause #01-14-00466-CR Claiming That "The 174th District Court's Failure To Comply With The Mandatory Jurisdictional Statutory Requirements Of Notice, As Required By Texas Rules Of Civil Procedure #306, #306a, FAILED To Render Said Nunc Pro Tunc Judgment Void," and "Claiming That 174th District Court's ORAL Pronouncement At Trial, Overrules [illegible], Over Trial Court's Written Rendition Of Judgment." (Hernandez v State, 288 SW 3rd 180 - Ex. #32, #39, #23 - Hubbard v State, 896 SW 2nd 359, 361 - [illegible] v State, 399 SW 2nd 545, 547 - Moore v State, 787 SW 2nd 550, 552 - [illegible] v State, 793 SW 2d 783, 784 - [illegible] v State, 180 SW 3rd 793 - Ex. #32, #39, #23)

II

"Relator Seeks To Compel Respondent Texas First Court Of Appeals, To Withdraw And/or Reverse Its Judgment Decision In Cause #01-14-00466-CR", to wit, "Respondent's Failure To Grant Mandamus Relief, and Order 174th District Court To Vacate Its Ex-Parte Nunc Pro Tunc Judgment, In Cause #940376, Issued Feb. 19, 2009. (Ex. #23) "Relator Cannot Seek Review Of Decision Of The Court Of Appeals By P.D.R. Petition For Discretionary Review." (Thomas v State, 643 SW 2nd 704, 706 - Ex. #32, 39, #23) "While A Nunc Pro Tunc Judgment Is An Appealable Order," "The Relator Was Denied Notice Of Said Nunc Pro Tunc Motion/Judgment," and "When Relator Was Notified That Said Nunc Pro Tunc Judgment Had Been Issued In Cause #01-09-00966-CR In December, 2009, All Time Limits For Giving Notice Of Appeal," and/or "Filing Any Type Appeals Had Expired," and "Thus Relator Was Denied Due Process, and/or Opportunity To Pursue an Appeal." "Thus Relator Has NO Remedy At Law From Actions, Decision, Judgment Of The 174th District Court, and/or Respondent Texas First (1st) Court Of Appeals," and "Relator Has Shown In Petition, and/or In This Motion For Leave To File," That "The Actions, Decisions,

Judgments Of 174th District Court" And/Or Respondent Texas First Court Of Appeals" Constitute "An Abuse Of Discretion", And/Or "That 174th District Court And/Or Respondent Texas First Court Of Appeals, Failed", To "Perform A Ministerial Duty, The Relator Is Entitled To Mandamus Relief", And "Relator Should Be Allowed To File This Petition For Writ Of Mandamus", Because "Relator Has No Remedy At Law To Challenge" The "Actions, Decisions, Judgments Of 174th District Court And/Or Respondent Texas First Court Of Appeals", That's "Adequate Or Otherwise, Other Than By Mandamus". (Alvarez-v-8th Court Of Appeals Of Texas, 977 SW 2nd 590-Jacobs-v-State, 649 SW 2nd 724, 726-Ex. #22, 29 #23)

"The Act Sought To Be Compelled", To wit; "For 174th District Court To Vacate Said Nunc-Pro-Tunc Judgment" Is "A Ministerial Duty", Because "Nunc-Pro-Tunc Judgment Is Void", And Thus "Respondent Texas First Court Of Appeals Failed To Perform Ministerial Duty", To wit; "Order 174th Court To Vacate Said Nunc-Pro-Tunc Judgment". (Ware-Taylor 212 SW 3rd 497)

III

"This Court Of Criminal Appeals Should Permit [illegible] Texas First Court Of Appeals [illegible] To [illegible] Rely On [illegible] Pronouncement Of Judgment At Trial In Cause #940376 Instead Of Relying On The Original Written Rendition Of Judgment In Cause #940376", Which Is Contrary To Texas Fourteenth Court Of Appeals Opinion" In "Thompson-v-State 180 SW 3rd 743", And "Texas Court Criminal Appeals Opinions" In "Ablon-v-State, 537 SW 2nd 767, 769" And "Eubanks-v-State, 599 SW 2nd 815, 817", Which States In Relevant Part; "When A Conflict Exists Between Trial Court's Written Order", And "Its Oral Pronouncement At Trial", The "Written Order Controls" And, "Whether Written Order Controls Is An Important Point Of Law", And Respondent Texas First Court Of Appeals "FAILURE" To Abide By Written Order, The "Written Rendition Of Judgment In Cause #940376 (Ex. #22) Presents A Conflict Between" The "Texas Fourteenth Court Of Appeals Opinion In Thompson-v-State, 180 SW 3rd 743" And "Texas First Court Of Appeals In Cause #01-14-00466-CR", And "This Case Involves, The Construction, Application And/Or Validity Of Texas Rules Of Civil Procedure 316, 329a", To wit; "Whether Notice Is A Jurisdictional Mandatory Statutory Prerequisite"

and "Involves Constitutional Issues," to wit; "Whether 179th District Court's 'FAILURE' To Provide Relator With Notice Of Motion For Nunc-Pro-Tunc Judgment," Constitutes "Denial Of Due Process and/or Equal Protection," and/or [redacted] "Deprives The 179th District Court Of Subject-Matter Jurisdiction," & This Court Of Criminal Appeals Should Decide Whether The Texas First Court Of Appeals Has Committed An Error Of Law, Of Such Importance To State's Jurisprudence, That It Should Be Corrected," to wit; "To Totally Disregard, The Texas Rules Of Civil Procedure #316, Requirement Of Notice 'Before', Correction Of An Alleged Clerical Error" and "Before Amending The Original Written Rendition Of Judgment."

Wherefore Premises Considered, Relator Prays That This Court Shall Grant Relator Leave To File This Petition For Writ Of Mandamus and Present The Attached Petition For Writ Of Mandamus, With Exhibits #22, #29 and #23 To The Texas Court Of Criminal Appeals For Consideration."

Respectfully Submitted,

[signature] (Pro-Se)

## -Certificate Of Service-

"I, Ted Robertson, #1175565, Pro-Se Presently Confined At Michael Unit Of T.D.C.J., Under Penalty Of Perjury, That The Foregoing Is True and Correct, and That A True and Correct Copy Of This Document, Was Sent (Mailed) To Respondent, Texas First Court Of Appeals, At Texas First Court Of Appeals c/o Clerk-Christopher Prine, 301 Fannin, Houston, Tx. 77002, By Depositing Same In Michael Unit's Internal Mail, Postage Prepaid On January 05, 2015"

Executed January 03, 2015

[signature] (Pro-Se)

-C.C.A.-#01-14-00466-CR-
-Trial Court Cause# 940376-

# -IDENTITY OF PARTIES-

Relator:
Mr. Ted Lawrence Robertson
#1175868
Michael Unit
2664 F.M. 2054
Tennessee Colony, Tx. 75886

Respondent:
Court Of Appeals For First District Of Texas
Chief Justice Sherry Radack And Justices Jennings And Keyes
301 Fannin St.
Houston, Tx. 77002-2066

Respondent:
Hon. Judge Reuben Guerrero
174th Harris County District Court
1201 Franklin
(Harris County Criminal Justice Centre)
Houston, Tx. 77002

# -Table Of Contents-

| | Page# |
|---|---|
| Identity Of Parties | i |
| Table Of Contents | ii |
| Index Of Authorities | iii + iv |
| Statement Of The Case | 2, 3, 4 |
| Statement Of Jurisdiction | 5 |
| Issues Presented | 5 |
| Statement Of Facts | 5, 6 |
| Argument | 7,8,9,10,11,12,13,14,15,16,17,18,19,20,21 |
| Prayer | 21 |
| Certification | 22 |
| Appendix | 22, 23 |
| Certificate Of Service | 23 |
| Affidavit Of Inability To Pay Costs | 24, 25 |

C.O.A. #01-94-00466-CR

Trial Court Cause #940376

# Index of Authorities

| Case: | Page # |
|---|---|
| Ablon v. State, 537 S.W.2d 267 - | 11, 16, 19, 20 |
| Amarillo Ath. Comm. v. Huffman, 893 S.W.2d 602 - | 21, |
| Blanton v. State, 369 S.W.3d 894 - | 10, 12, |
| Cherry, In re: 258 S.W.3d 328 - | 21, |
| Dunn v. State, 935 S.W.2d 33 - | 17, |
| Eubanks v. State, 599 S.W.2d 815 - | 11, 16, 19, 20 |
| Francis v. State, 792 S.W.2d 783 - | 11, 16 |
| Fuselier, In re: 56 S.W.3d 365 - | 8, 13, 20 |
| Hernandez v. Lopez, 288 S.W.3d 180 - | 8, 9, 10, 11, 13, 16, 17, 18, 19, 20, 21 |
| Holland v. Holland, 357 S.W.3d 192 - | 15 |
| Hubbard v. State, 896 S.W.2d 359 - | 11, 16, 19 |
| Ingram v. State, 180 S.W.3d 195 - | 9, 11, 16, 19, 20 |
| Lowell, [illegible] Tully v. Ernst, 140 S.W.3d 407 - | 7 |
| Manz v. State, 787 S.W.2d 580 - | 11, 16 |
| Meyer v. Jackson, 229 S.W.3d 797 - | 15, 18, 20 |
| Miller v. Woods, 872 S.W.2d 343 - | 18 |
| Office Atty. Gen. of Texas, In re: 264 S.W.3d 800 - | 21 |
| Robertson v. State, 215 S.W.3d 359 - | 12 |
| Robinson, In re State ex rel., 116 S.W.3d 115 - | 15, 18, 21 |
| Roman Cath. Diocese v. Dallas County, 228 S.W.3d 475 - | 9, 16, 17 |
| Shaw v. State, 539 S.W.2d 887 - | 10 |
| Sistrunk, In re State ex rel., 142 S.W.3d 497 - | 20 |
| West Texas State Bank v. [illegible] Mgr., 723 S.W.2d 304 - | 7 |
| Walker v. Packer, 827 S.W.2d 829 - | 14, 15, 17, 18 |
| Ware v. State, 62 S.W.3d 344 - | 16 |
| Watson v. State, 923 S.W.2d 809 - | 12 |

# -Index Of Authorities-

## -State Statutes / State Law

Page #

Texas Rules Of Civil Procedure, # 316 - 7,8,9,10,12,13,14,15,17,18,20,21

Texas Rules Of Civil Procedure, # 21a - 7,8,9,10,12,13,15,17,20,21

Texas Rules Of Civil Procedure, # 329b(a) - 7,8,9,10,11,12,13,14,15,17,20,21

Texas Rules Of Civil Procedure, # 329b(f) - 7,8,9,10,11,12,13,14,15,17,20,21

Texas Penal Code, § 12.34 - 10

Texas Penal Code, § 25.07(g) - 12,13

-C.O.A. #01-14-00466 CR-
-Trial Court Cause # 940376-

In Re: Ted Lawrence Robertson § In The Texas Court Of Criminal Appeals

-Petition For A Writ Of Mandamus-

To The Honorable Justices Of Said Court:

Comes Now, Ted L. Robertson, Relator Pro-Se, In The Above Captioned Cause, And Pursuant To Respectfully Move The "Court To Issue An Order (Writ Of Mandamus)" That Commands The Respondent Court Of Appeals For First District Of Texas And Chief Justice Sherry Radack And Justices Jennings And Keyes", To "Reverse The Judgment In Cause #01-14-00466 CR", And "Order The 174th Harris County District Court To Vacate And/Or Set-Aside The Nunc-Pro-Tunc Judgment, Issued By 174th Harris County District Court, In Cause #940376, On February 11, 2009." (Ex. # 29) (Ex. # 23)

Relator Respectfully Moves The Court To, "Take Judicial Notice", Of "Relator's Attachments (Exhibits)" to wit;

1. "Exhibit #22 - Original Written Rendition Of Judgment, In Cause #940376, Signed By 174th Trial Court Judge George H. Godwin, On June 10, 2003," to wit; "Certified Document #15439435, Pages 1-3". (Ex. #22)
2. "Exhibit #29 - Nunc-Pro-Tunc Judgment, Issued By 174th Harris County District Court, In Cause #940376, On February 11, 2009," to wit; "Certified Document #41069959, Pages 1-4." (Ex. #29)
3. Exhibit #23 - Memorandum Opinion, Issued By Court Of Appeals, In Cause #01-14-00466-CR. (Ex. #23)

-C.O.A.# 01-14-00466-CR-
-Trial Court Cause# 940376-

Relator Respectfully Moves The Court To, "Take Judicial Notice" Of The Fact That, The "Court Of Appeals, For First (1st) District Of Texas, 'Failed Refused' To Request A Response From The 174th Harris County District Court," Instead "The Court Of Appeals Filed A Response For The 174th Harris County District Court, In The Form Of" The Judgment Issued In Cause# 01-14-00466-CR." (Ex.#73)

And In Support Thereof, Relator Would Show The Court, The Following:

I

-Statement Of The Case-

(1) "June 10, 2003, Relator Was Convicted In Cause#940376 In 174th Harris County District Court, Of 'Alleged Offense Of Violation Of A Protective Order,' Which Is 'A Class-A Misdemeanor', That Was 'Enhanced To A Third (3rd) Degree Felony,' Due To 'Indictment's Allegations Of Assault.' (Ex.#72.G

(2) "Punishment Sentence In Cause#940376", Was 'Assessed And/Or Imposed At Twenty Five (25) Years'." (Ex.#72)

(3) "June 10, 2003, 174th Trial Court Judge 'George H. Godwin' Rendered And/Or Signed", The "Original Written Rendition Of Judgment In Cause #940376", Which Is "Relator's Exhibit #72." (Ex.#72)

(4) "The 174th Harris County District Court 'LOST' Plenary Jurisdiction Plenary Power, Over Cause #940376, On Or Before December 31, 2003. (Ex.#72)
Tx. R.C.Proc. #329b (d)

-C.C.A.# 01-24-00466-CR-
-Trial Court Cause #940376-

(5) "Original Written Rendition Of Judgment, In Cause #940376", States In Pertinent Part:
"Plea To Enhancement(s): 1st Paragraph (N/A) Not-Applicable". (Ex.#22)
"Plea To Enhancement(s): 2nd Paragraph (N/A) - Not-Applicable." (Ex.#22)
"Finding On Enhancement(s): 1st Paragraph (N/A) - Not-Applicable." (Ex.#22)
"Finding On Enhancement(s): 2nd Paragraph (N/A) Not-Applicable." (Ex.#22)

(6) "Original Written Rendition Of Judgment, In Cause #940376", Was Issued and Signed On June 10, 2003"; Therefore, "174th Harris County District Court Plenary Power/Jurisdiction, Over Cause #940376", Had "Expired On Or Before, December 31, 2003". (Ex.#22 - Tex.R.Civ.Pro. #329b(d))

(7) "February 11, 2009", The "174th Harris County District Court, Signed and/or Issued" A "Nunc-Pro-Tunc Judgment In Cause #940376", That "Altered and/or Modified, The Original Written Rendition Of Judgment In Cause #940376, That Was "Signed By 174th Trial Court Judge George H. Godwin, On June 10, 2003". (Ex.#22 - #29) (Tex.R.Civ.Pro. #329b(d)(f))

(8) "Nunc-Pro-Tunc Judgment, In Cause #940376", States, In Pertinent Part:
"Plea To Enhancement(s): 1st Paragraph - Not True, (Ex.#29)
"Plea To Enhancement(s): 2nd Paragraph - Not True, (Ex.#29)
"Finding On Enhancement(s): 1st Paragraph - True, (Ex.#29)
"Finding On Enhancement(s): 2nd Paragraph - True, (Ex.#29)

-C.O.A. #01-14-00466-CR-
-Trial Court Cause #940376-

(9) "174th Harris County District 'FAILED' To Provide Relator With Notice Of, and/or A Hearing On," Said "Motion For Nunc-Pro-Tunc Judgment," As "Required By Law," and/or "Texas Rules Of Civil Procedure #316, #21a, and/or #329b (d)(f)." (Tx. R. C. Proc. #316, #21a, #329b (d)(f))

(10) "Nunc-Pro-Tunc Judgment, Rendered By 174th Harris County District Court, In Cause #940376, On February 11, 2009," Is "VOID," Due To A "Lack Of Jurisdiction/Lack Of Plenary Power, By 174th District Court." (Ex. #22, Ex. #29 - Tx. R. C. Proc. #329b (d)(f), #316, #21a)

(11) "174th District Court's 'FAILURE' To Provide Relator With Notice Of, and/or A Hearing On," Said "Motion For Nunc-Pro-Tunc Judgment, As Required By Law," and/or "Texas Rules Of Civil Procedure #316, #21a, and/or #329b (d)(f)," Constitutes "Denial Of Due Process and/or Equal Protection Of Law." (Ex. #22, #29 - Tx. R. C. Proc. #316, #21a, #329b (d)(f))

(12) "Court Of Appeals' 'FAILURE' To Request A Response From 174th District Court," and/or "Court Of Appeals Sua Sponte Denial Of Relief" and/or "Judgment In Cause #01-14-00466-CR," Constitutes "Denial Of Due Process and/or Equal Protection Of Law," and/or "Abuse Of Discretion." (Ex. #22, #29 - Tx. R. C. Proc. 316, #21a, #329b (d)(f) - U.S. Const. 14th Amend.)

(13) In December 2009, Or Early 2010, Relator Filed A Motion To Vacate and/or Set-Aside, Said "Nunc-Pro-Tunc Judgment," In "174th District Court."

-C.O.A. # 01-14-00466-CR-
-Trial Court Cause # 940376-

## -Statement Of Jurisdiction-

"This Court Has Jurisdiction To Correct A Clear Abuse Of Discretion" And/Or "A Failure To Perform A Ministerial Duty".

## -Issues Presented-

(1) Void Nunc-Pro-Tunc Judgment
(2) Non-Clerical Error / Correction
(3) Abuse Of Discretion
(4) Failure To Perform A Ministerial Duty
(5) No Adequate Remedy By Appeal
(6) No Other Adequate Remedy By Law

## -Statement Of Facts-

(1) Void Nunc-Pro-Tunc Judgment:

(A) Nunc-Pro-Tunc Judgment Rendered In Violation Of Texas Rules Of Civil Procedure Rule # 316, # 329b(d)(f), + #21.a

(B) Nunc-Pro-Tunc Judgment, Attempts To Correct, If Anything At All, An Alleged Judicial Error / Judicial Omission, After Expiration Of Trial Court's Plenary Power / Plenary Jurisdiction

-C.O.A.#01-14-00466-CR-
-Trial Court Cause# 940376-

② Non-Clerical Error

Ⓐ-Nunc-Pro-Tunc Judgment, Alters An Element Of The Original Written Rendition Of Judgment, That Is The Result Of Judicial Reasoning, and/or Judicial Determination, And Fails To Be A Clerical Error

③ Abuse Of Discretion

Ⓐ Respondent / Texas First (1st) Court Of Appeals, Failed To Analyze Or Properly Apply The Law Correctly To The Facts

Ⓑ Respondent / Texas First (1st) Court Of Appeals, Could Reasonably Have Reached Only One Decision, Concerning Nunc-Pro-Tunc Judgment

④ Failure To Perform A Ministerial Duty

Ⓐ Respondent / Texas First (1st) Court Of Appeals, Had A Ministerial Duty To Issue An Order, and/or Writ Of Mandamus, That Directs The 174th Harris County District Court, and/or Judge Ruben Guerrero, To Vacate, Set-Aside, and/or Rescind The Nunc-Pro-Tunc Judgment, Issued February 11, 2014, In Cause #940376

⑤ No Adequate Remedy By Appeal

Ⓐ Relator Cannot Seek Review Of The Court Of Appeals' Decision, By (PDR) Petition For Discretionary Review

⑥ No Adequate Remedy By Law

Ⓐ Relator Has No Other Adequate Remedy At Law, To Challenge The Court Of Appeals' Actions, Decisions, and/or Judgment, Other Than By Mandamus

-C.O.A.#-01-14-00466-CR-

-Trial Court Cause#940376-

## -ARGUMENT-

## I- VOID NUNC-PRO-TUNC-JUDGMENT- I

The "Nunc-Pro-Tunc Judgment, Issued By The 174th Harris County District Court, In Cause#940376, On February 12, 2004," Is "VOID," (Ex#22, #39) Because "Relator Was Denied Notice Of," and "Hearing On," The "Motion For A Nunc-Pro-Tunc Judgment." (Tx.R.C.P.# 316, #21a)

"When Trial Court Modifies A Judgment,... The 'Trial Court MUST Act Pursuant To A Motion, And Must Provide Notice And Hearing.'" (Law Offices Of Windle Turley v. French, 140 S.W.3rd 407 - Tx.R.C.P. Rule# 316, #21a)

"The Original Written Rendition Of Judgment, In Cause#940376," Was "Issued And Signed, On June 10, 2003," and Therefore "The 174th District Court's Plenary Power (Plenary Jurisdiction) Over Cause#940376," Has "Expired On Or Before December 31, 2003," and/or "According To Texas Rules Of Civil Procedure Rule #329b (d), Court's (174th) Plenary Power Jurisdiction Expired (30) Thirty Days After June 10, 2003," to wit; "On July 12, 2003." (Ex#22 - Tx.R.C.P. Rule#329b(d)(f), #316, #21a)

"Failure To Give All Interested Parties, Notice Of The Motion Made To Correct Judgment By Nunc-Pro-Tunc Judgment," "AFTER" Expiration Of Trial Court's Plenary Jurisdiction Power, Renders Any Correction, A "NULLITY" (Citizens State Bank v. Gen. Res. Mngmt. Corp. 723 S.W.2nd 304 - Ex.#22, #39 - Tx.R.C.P.#316, #21a, #329b(d)(f))

"The Record In Cause#940376, 'FAILS' To Reveal That The 174th Court Complied With The Mandate Of The Texas Rules Of Civil Procedure Rule #316, #21a, and/or #329b(d)(f)." (Ex#22, #39 - Tx.R.C.P.#316, #21a, #329b(d)(f))

-C.O.A.#-01-14-00146-CR-
-Trial Court Cause#940376-

"The Nunc-Pro-Tunc Judgment, Issued By 174th District Court, In Cause#940376, On February 14, 2009 (Ex.#39), Is Also "VOID", Because "The Evidence Is Insufficient To Support, The 174th District Court's Finding", and/or "The Respondent Texas First (1st) Court Of Appeals' Implied Finding", That "The Error Complained Of, In The Original Written Rendition Of Judgment In Cause#940376", to wit; "Plea To Both Enhancements, and Finding On Both Enhancements", (Ex.#22, #39) Constitutes A Clerical Error. (Ex.#22, #39-Hernandez-v-Lopez 288 SW.3rd 180)

The "Original Written Rendition Of Judgment, In Cause#940376", States In Relevant Part:

"Plea To Enhancement(s): Paragraph#1 (N/A) -Not-Applicable -(Ex.#22)
"Plea To Enhancement(s): Paragraph#2 (N/A) -Not-Applicable -(Ex.#22)
"Finding On Enhancement(s): Paragraph#1 (N/A) -Not-Applicable -(Ex.#22)
"Finding On Enhancement(s): Paragraph#2 (N/A) -Not-Applicable -(Ex.#22)

The "Respondent Texas First (1st) Court Of Appeals", In "Hernandez-v-Lopez, 288 SW.3rd 180", Has "Set The Precedent", and/or "Set The Standard Of Review", In "Cases Of Alleged Clerical Error", That's "Present In The Rendition Of Judgment." (Hernandez-Lopez 288 SW.3rd 180-Ex.#22, #39-Tx.R.C.P.#316, 329b(d)(f)

"Hernandez-v-Lopez, 288 SW.3rd 180", States In Relevant Part:
"The Trial Court's Signing Of The Judgment", Constitutes "It's Rendition Of Judgment", And "Because The Error Complained Of, Was Present In The Trial Court's Rendition Of Judgment, On That Day, The 'Error, If Any', Constitutes 'Judicial Error'." (Hernandez-v-Lopez, 288 SW.3rd 180-Ex.#22, #39-Tx.R.C.P.#316, #21a, #329b (d)(f)

"Rendition Of Judgment Occurs When Judge's Decision Is Officially Announced Either Orally In Open Court, Or By Signed Memorandum Filed With Clerk; Rendition Cannot Occur Upon The Mere Filing Of A Motion." (Ex.parte Foster, 56 SW.3rd 365-Ex.#22, #39-Tx.R.C.P.#316, #21a, #329b(d)(f)

-C.C.A. #01-99-00466-CR-
-Trial Court Cause # 940376-

"When Conflict Exists Between The Trial Court's Written Order, And It's Oral Pronouncement At Trial, The Written Order Controls." (Jackson v. State, 180 S.W.3rd 793 - Ex. #22, #29)

"Error Present During Rendition Of Judgment, Is Always Judicial Error, Which May Not Be Corrected By Nunc-Pro-Tunc Judgment." (Hernandez v. Lopez, 288 S.W.3rd 180 - Ex. #22, #29 - T.R.C.P. #316, #329a #329b(d)(f))

"Even An Incorrect, Or Unintended Rendition Of Judgment Does Not Constitute An Error In The Entry Or Recording Of The Judgment, And Cannot Be Corrected By A Nunc-Pro-Tunc Judgment." (Hernandez v. Lopez, 288 S.W.3rd 180 - Ex. #22, #29 - T.R.C.P. #316, 329b(d)(f))

"Nunc-Pro-Tunc Judgment, That Attempts To Correct A Judicial Error, After Plenary Jurisdiction Has Expired, Is Void." (Comm. Coll. Dist. v. Dallas County, 238 S.W.3rd 475 - Hernandez v. Lopez, 288 S.W.3rd 180 - Ex. #22, #29 - T.R.C.P. #316, 329b(d)(f))

"Nunc-Pro-Tunc Judgments May Not Be Used To Correct Judicial Omissions." (Ware v. State, 62 S.W.3rd 344 - T.R.C.P. #316, #329b(d)(f) - Ex. #22, #29)

"Even If Trial Court Incorrectly Rendered Judgment, The Trial Court Cannot Alter A Written Judgment, That Precisely Reflects The Incorrect Rendition." (Hernandez v. Lopez, 288 S.W.3rd 180 - Ex. #22 #29 - T.R.C.P. #316, #329b(d)(f))

Thus, "The 179th Trial Court's Signature Of The Judgment, In Cause #940376 (Ex. #22) Constitutes The Trial Court's Rendition Of Judgment," And "Because The Error Complained Of," to wit, "Plea To Both Enhancements, And Finding On Both Enhancements," Was "Present In The 179th Trial Court's Rendition Of Judgment, On That Day," Of "June 10, 2003," Then "The Error, If Any, Constitutes Judicial Error." (Hernandez v. Lopez, 288 S.W.3rd 180 - T.R.C.P. #316, #329b(d)(f) - Ex. #29, #22)

Thus, "Nunc-Pro-Tunc Judgment, Issued By 174th District Court, In Cause #940376," On "February 11, 2009, (Cr#39) Is "Void," Because "The 174th Trial Court's Plenary Jurisdiction and/or Plenary Power," Had "Expired On July 10, 2003," Which Is "Thirty (30) Days After, The Original Written Judgment Of Judgment, Was "Signed, By 174th Trial Court Judge Hon. George H. Godwin, On June 10, 2003," and "Said Nunc-Pro-Tunc Judgment," At Best, "Attempts To Correct An Alleged Judicial Error, After" Expiration Of 174th Trial Court's Plenary Jurisdiction," and/or "Fails, To Correct A Clerical Error," and/or "Said Nunc-Pro-Tunc Judgment," Is "Void," Because "The 174th Trial Court, Refused and/or Denied Relator Notice Of," and "Hearing On," The "Motion For Nunc-Pro-Tunc Judgment. (Hernandez-v-Lopez, 288 SW-3rd 180-Ex.#20, #39-Tx.R.A.P. #39b, 39b(a)(4)(a))

Therefore, "The Twenty-Five (25) Year Sentence Assessed and/or Imposed In Cause #940376," Is "An Illegal Sentence" and "A Void Sentence," For "Conviction Of A Third (3rd) Degree Felony," Because "The Legal / Statutory Range Of Punishment For Conviction Of A Third (3rd) Degree Felony," Is "Two (2-10)-Ten Years." (Cr#32 Tx.Penal Cr. §12.34)

Thus, "Cause #940376, 'Must' Be Remanded To 174th Trial Court For" A "New Trial On Punishment / Sentence." (Tx.Penal Cr. §12.34-Ex.#33)

Also, "Respondent Texas First (1st) Court Of Appeals, 'Must' Issue An Order," Or "Issue Writ Of Mandamus, That" Directs Harris The 174th Harris County District Court To Vacate, Set-Aside, and/or Rescind, The "Nunc-Pro-Tunc Judgment, Issued In Cause #940376, On February 11, 2009," (Cr#30, #39) Because "Said Nunc-Pro-Tunc Judgment Is Void," Due To A "Lack Of Jurisdiction, By 174th Trial Court." (Hernandez-v-Lopez, 288 SW3rd 180-Tx.R.A.P. #39b, #39a, 329b(a)(4)-Ex.#20, #39)

Also, "174th Trial Court's Failure To Provide Relator With Notice Of," and "A Hearing On," Said "Motion For Nunc-Pro-Tunc Judgment," Constitutes "A Denial Of Due Process."

"Texas Court Of Criminal Appeals," In "Blanton-v-State, 369 SW3rd 894," States In Relevant Part: "Before Any Unfavorable Nunc-Pro-Tunc Judgments Are Entered Against A Defendant, The Person Convicted Must Be Given Opportunity To Be Present For A Hearing," and "Represented By Counsel To Afford Him Due Process Of Law." (Blanton-v-State, 369 SW3rd 894-Shaw-v-State, 539 SW2nd 887 Tx.R.A.P. #316)

## -ARGUMENT-

## II- NON-CLERICAL ERROR / CORRECTION -II

"The Beaumont / Texas First (1st) Court Of Appeals", In "Hernandez-v-Lopez, 288 S.W.3rd 180" Has "Set The Precedent" And/Or "Set The Standard Of Review", In "Determining When Rendition Of Judgment Occurs," And "What Constitutes Judicial Error." (Hernandez-v-Lopez, 288 S.W.3rd 180-Ex.#22, #29)

"Hernandez-v-Lopez, 288 S.W.3rd 180," States In Pertinent Part: "The Trial Courts Signing Of Judgment,' Constitutes 'Its Rendition Of Judgment,' And 'Because The Error Complained Of,' Was 'Present In Trial Courts Rendition Of Judgment On That Day,' The 'Error If Any,' Constitutes 'Judicial Error.'" (Hernandez-v-Lopez, 288 S.W.3rd 180-Ex.#22, #29)

"When Conflict Exists Between Trial Courts Written Order, And Its Oral Pronouncement At Trial," The "Written Order Controls." (Ingram-v-State, 180 S.W.3rd 793-Ex.#22, #29-Ablon-v-State, 537 S.W.2nd 267, 269-Hubbard-v-State, 846 S.W.2nd 359, 361-Eubanks-v-State, 599 S.W.2nd 815, 817-Mann-v-State, 787 S.W.2nd 580, 582-Franklin-v-State, 792 S.W.2nd 783, 784-Ex.#22, #29)

"Error Present During Rendition Of Judgment,' Is 'Always Judicial Error,' Which 'May Not Be Corrected By Nunc-Pro-Tunc Judgment.'" (Hernandez-v-Lopez, 288 S.W.3rd 180-Ex.#22, #29)

"Nunc-Pro-Tunc Judgments May Not Be Used To Correct Judicial Omissions." (Ward-v-State, 602 S.W.3rd 344-T.R.C.P.# 316-Ex.#22, #29-Hernandez-v-Lopez, 288 S.W.3rd 180)

"Even An Incorrect Or Unauthorized Rendition Of Judgment,' Does 'Not Constitute An Error,' In 'Entry Or Recording Of Judgment That Can Be Corrected By Nunc-Pro-Tunc Judgment." (Hernandez-v-Lopez, 288 S.W.3rd 180-Ex.#22, #29)

Thus, "The 174th Trial Courts Signing Of Judgment," Constitutes '174th Trial Courts Rendition Of Judgment, In Cause #940376," And "Because The Error Complained Of, 'Count; Plea To Both Enhancements' And "Finding On 'Both' Enhancements," Was "Present In 174th Trial Courts Rendition Of Judgment On That Day," Of "June 10, 2003," The "Error If Any," Constitutes "Judicial Error." (Hernandez-v-Lopez, 288 S.W.3rd 180-Ex.#22, #29-Ingram-v-State 180 S.W.3rd 793-Ablon-v-State, 537 S.W.2nd 267, 269-Hubbard-v-State, 846 S.W.2nd 359, 361-Eubanks-v-State, 599 S.W.2nd 815, 817

The "Original Written Rendition Of Judgment Of Judgment In Cause#940376, Determined" That, "Plea To Both Enhancements" and "Finding On Both Enhancements", Were "(N/A)" "Not-Applicable", (Ex.#77) and "Said Rendition (Written) Of Judgment In Cause#940376" Was "The Result Of Judicial Determination" and/or "Judicial Reasoning", By "174th Trial Court Judge George H. Godwin, On June 10, 2003, (Ex.#77) to wit; "State Attempted To Use Texas Penal Co. §25.07(g)" and/or "Indictment's Allegation Of Assault By Threat Of Imminent Bodily Injury, By Threatening Complainant With A Deadly Weapon Namely A Knife, To Convert The Instant Offense Of Violation Of Protective Order", which Is "A Class-A Misdemeanor" Into A Third Degree (3rd) Felony", So That The Habitual Criminal Allegations In Indictment Could Be Utilized." (Tex. Penal Co. §25.07(g)) "This 'Failed' Due To Testimony and Evidence Adduced At Trial", That "Failed" To Support Indictment's Allegation Of A Deadly Weapon", and "State Abandoned", and "174th Trial Court Failed To Charge Instant Jury On The Deadly Weapon Issue", As "Proven Conclusively" By "Respondent Texas First (1st) Court Of Appeals", In Robertson-v-State, 175 S.W.3rd 359 @365, (Cause#01-03-00633-CR) which States The Pertinent Part: "Allegation Of The Words 'A Deadly Weapon' In The Indictment... Were Omitted From The Jury Charge." (Robertson-v-State, 175 S.W.3rd 359 @365-Ex.G#33, #39 Texas Penal Co. §25.07(g)) Therefore, "174th Trial Court Judge George H. Godwin, "Correctly" Reasoned and/or Determined", That "Without Proof Of Deadly Weapon", "There "Fails To Be Proof Of Threat Of Imminent Bodily Injury", and "Without Proof Of Threat Of Imminent Bodily Injury", There "Fails To Be An Assault", and "The Alleged Offense Of Violation Of Protective Order Is A Class-A Misdemeanor". (Ex.G#33, #39 - Tx. Penal Co. §25.07(g) - Robertson 175 S.W.3rd 359 @365)

"Punishment For A Class-A Misdemeanor "Cannot" Be Enhanced By Habitual Offender Statute, which Is Applicable Only To Felonies By Its Express Terms." (Harvey?-v-State, 923 S.W.2nd 879 @833 - Tx. Penal Co. §25.07(g) - Ex.G #30 #39 - Robertson 175 S.W.3rd 359 @365)

Thus "174th Trial Court Judge George H. Godwin's Original Written Rendition Of Judgment Arising From Judicial Determination/Judicial Reasoning", Fails To Be Clerical Error, or "Non-Clerical Error" "Corrections Are (Nunc-Pro-Tunc) Limited To Clerical Errors, and Are Not Applicable For Errors Involving Judicial Reasoning." (Coleman-v-State, 369 S.W.3rd 894 @898 - Tx. Penal Co. §25.07(g) - Ex.G#33 [illegible] Robertson-v-State, 175 S.W.3rd 359 @365 - T.R.C.P.#316, and #329b(d)(f))

The "Respondent Texas First (1st) Court Of Appeals Has", Inexplicably/Conveniently "Failed To Inform This Court", That "The Original Written Rendition Of Judgment In Cause #940376" (Ex. #22) "Indicates That The Plea To 'Both' Enhancement(s) Paragraphs" "Were" Determined To Be, (N/A) Not-Applicable", (Ex. #22 - Tx Penal Co. §15.07(g) E.G.) "Also."

"The Entry Of Judgment Nunc-Pro-Tunc On February 12, 2009", "Alters", The "Original Written Rendition Of Judgment, In Cause #940376", To "Reflect/Indicate", "The Plea To Both Enhancement Paragraphs", "Was Not-True." (Ex. #22, #29)

"When Deciding Whether An Error In A Judgment, Is Judicial Or Clerical, A Court 'Must' Look To The Judgment Actually Rendered Not The Judgment That Should, Or Might Have Been Rendered." (In Re: Fuselier, 56 S.W.3rd 265, Tx First C.O.App.) (Ex #22, #29) (Hernandez-v-Lopez, 288 S.W.3rd 180)

"An Incorrectly Rendered Judgment, Cannot Be Altered When The Written Judgment, Precisely Reflects, The Incorrect Rendition." (Alvarez-v-8th Court Of Appeals Of Texas, 977 S.W.2nd 590 - Ex. #22, #29, EC - Hernandez-v-Lopez, 288 S.W.3rd 180)

"Any Presumption That Judge Rueben Guerrero", Who "Signed Said Nunc-Pro-Tunc Judgment, "Relied On Judge's Personal Recollection, Is Rebutted By Evidence And/Or Fact", That "Judge Rueben Guerrero, 'FAILED', To Be The 174th Trial Court Judge, In Cause #940376 On June 10, 2003" (Ex. #22) In Fact, "Judge Rueben Guerrero Became 174th Trial Court Judge, In January 2009", (Ex. #22, #29) And "Never Presided Over Cause #940376."

"Relator Respectfully Moves This Court", To "Take Judicial Notice", Of The Following:

(1) Nunc-Pro-Tunc Judgment (Ex. #29) Fails To State The Offense Of Conviction. (Ex. #29)

(2) Nunc-Pro-Tunc Judgment (Ex. #29) Fails To Be Signed By Judge George H. Godwin; Judge's Name Is Printed. (Ex. #29)

(3) "Certified Document Number On Original Written Rendition Of Judgment, Is #15439435, And "Certified Document Number On Nunc-Pro-Tunc Judgment, Is #41069959"; Certification Number Is Different (Ex. #22, #29)

(4) Original Written Rendition Of Judgment In Cause #940376 Signed By 174 Trial Court Judge George H. Godwin, On June 10, 2003" And "Nunc-Pro-Tunc Judgment Cause #940376, Signed By 174 Trial Court Judge Rueben Guerrero, On February 12, 2009" (Ex. #22, #29 - Tx. R.C.P. #329b(d)(f)) 13 [illegible]

-ARGUMENT-

# III - ABUSE OF DISCRETION - III
(By 174th Harris County District Court)

The "Original Written Rendition Of Judgment In Cause #940376 (Ex. #22) Was Entered And Signed, By 174th Trial Court Judge George H. Godwin, "On June 30, 2003." (Ex. #22)

Said "Nunc-Pro-Tunc Judgment In Cause #940376," (Ex. #29) Was "Entered And Signed" By The "New" 174th Harris County Dist. Court Judge Ruben Guerrero, "On February 11, 2009." (Ex. #29)

"The Law," to wit: "Texas Rules Of Civil Procedure, Rule #329b(d)," States In Pertinent Part: "Trial Court, Regardless Of Whether An Appeal Has Been Perfected, Has Plenary Power To Grant A New Trial Or To Vacate, Modify, Correct, Or Reform The Judgment Within (30) Thirty Days, AFTER, The Judgment Is Signed." (Tex. R.C.P. #329b(d) - Ex. #22, #29)

"The Law," to wit: "Texas Rules Of Civil Procedure, Rule #329b(f)," States In Pertinent Part: "On Expiration Of Time Within Which The Trial Court Has Plenary Power, A Judgment [illegible] CANNOT Be Set-Aside By The Trial Court, Except By A Bill Of Review, For Sufficient Cause, Filed Within The Time Allowed By Law; ... Court May At Any Time Correct A Clerical Error In The Record Of A Judgment, And Render Judgment By Nunc-Pro-Tunc, Under Rule #316." (Tex. R.C.P. #329b(f) - Ex. #22, #29)

"The Law," to wit: "Texas Rules Of Civil Procedure, Rule #316," States In Pertinent Part: "Clerical Mistakes, In The Record Of Any Judgment, May Be Corrected By The Judge In Open Court ... "AFTER Notice, Of The Motion Therefor, Has Been Given To The Parties, Interested In Such Judgment, As Provided In Rule #21a," And "THEREAFTER, The Execution Shall Conform To The Judgment, As Amended." (Tex. R.C.P. #316 - Ex. #22, #29 #23)

"Trial Court Has No Discretion In Determining What The Law Is, Or Applying The Law To The Facts." (Walker-Packer, 827 S.W.2d 833 - Tex. R.C.P. #316, 329b(d)(f) - Ex. #22, #29)

"Exhibit #23, Memorandum Opinion, By Respondent, Texas First (1st) Court Of Appeals," Provides "Conclusive Proof," Of The "FACT," That "174th Harris County District Court," "FAILED," To Provide Relator With Notice Of, And/Or "A Hearing On," Said "Nunc-Pro-Tunc Motion." (Ex. #23, #22, #29 - Tex. R.C.P. #316, 329b(d)(f))

"Statutory Requirements That Defines, Enlarges Or Restricts," The ... "Class Of Causes A Court May Award, Is A Jurisdictional Statutory Requirement." ([illegible], 212 SW.3rd 747 - T.R.C.P. #316 #329b(d)(f), #11a - Ex. #73, #72, #79)

"Trial Court's Nunc-Pro-Tunc Order Judgment ... Was A Nullity," As "Errors Were 'NOT' Clerical Errors." ([illegible], 357 SW.3rd 497 T.R.C.P. #316 #11a, #329b(d)(f))

"Pursuant To Texas Rules Of Civil Procedure Rule #316, Regardless Of Whether The Error Complained Of, Is Clerical Error," Said "Nunc-Pro-Tunc Judgment In Cause #940376, Entered On February 11, 2014," Is "VOID" Because "174th Harris County District Court, FAILED" To "Provide Relator With Notice Of Motion For Nunc-Pro-Tunc Judgment" As "Required By Law," to-wit: "Texas Rule Civil Procedure #316. (T.R.C.P. #316 - Ex. #73, #72, #79)

"Failure To Comply With A Jurisdictional Statutory Requirement," Is "A Defect That Goes To The Trial Court's Subject-Matter Jurisdiction." ([illegible], 212 SW.3rd 747 - T.R.C.P. #316, #11a, #329b(d)(f) - Ex. #72, #73, #79)

"Writ Of Mandamus Will Issue ... If Trial Court FAILS To Observe A Mandatory Statutory Provision Conferring A Right Or Forbidding A Particular Action; In These Instances, Trial Court's Discretion Fails To Be Invoked," and "It's (Trial Court) Failure To Comply With The Mandatory Provision, Renders It's Judgment Or Decree, To Be VOID" (State ex rel. Robinson, 116 SW.3rd 115 - Ex. #73, #72, #79 - T.R.C.P. #316, #11a, #329b(d)(f))

Thus, "Because 174th Trial Court Failed" To "Provide Relator With Notice Of Said Nunc-Pro-Tunc Judgment," As Required By T.R.C.P. Rule #316, Then Said Nunc-Pro-Tunc Judgment Is Void Because "174th Trial Court LACKED SUBJECT-MATTER JURISDICTION (T.R.C.P. #316)

"174th Trial Court Could Lawfully Have Reached Only One Decision," to-wit; "Vacate and Set-Aside, Said Nunc-Pro-Tunc Judgment." (The State ex rel. Robinson, 116 SW.3rd 115 - T.R.C.P. #316)

"Trial Court FAILS To Have Discretion To Refuse To Set-Aside A Void Judgment, But Has A Duty To Do So, At Any Time, That Such Matter Is Brought To It's Attention." ([illegible], 212 SW.3rd 747 - Ex. #73, #72, #79 - T.R.C.P. #316 #329b(d)(f))

"Clear Failure By Trial Court To Analyze Or Apply The Law Correctly Will Constitute An Abuse Of Discretion." (Walker v. Packer, 827 SW.2nd 833 - T.R.C.P. #316, #11a, #329b(d)(f) Ex. #73, #72, #79)

"174th Trial Court, 'Failed' To Analyze," Or "Apply The Law Correctly To The Facts," to wit; "174th Trial Court Failed," To "Observe and/or Comply With," Or "Abide By The Respondent Texas First (1st) Court Of Appeals Decision," In "Hernandez-v-Lopez, 288 SW 3rd 180," Which States In Pertinent Part:

"Trial Court's Signing Of The Judgment, Constitutes Trial Court's Rendition Of Judgment, And Because The Error Complained Of, Was Present In Trial Court's Rendition Of Judgment On That Day, The Error, If Any, Constitutes Judicial Error. (Hernandez-v-Lopez, 288 SW 3rd 180-Ex #22, #39, #23)

Thus, "Respondent Texas First (1st) Court Of Appeals" In "Hernandez-v-Lopez, 288 SW 3rd 180," Has "Set The Precedent," and/or "Set The Standard Of Review," To "Determine When Rendition Of Judgment Occurs," And "What Constitutes Judicial Error." (Hernandez-v-Lopez, 288 SW 3rd 180-Ex #22, #39, #23)

"Error Present, During Rendition Of Judgment, Is Always Judicial Error," Which "May Not Be Corrected By Nunc Pro Tunc Judgment." (Hernandez-v-Lopez, 288 SW 3rd 180-Ex #22, #39, #23)

So, "174th Trial Court's Signing Of The Judgment, In Cause #940376 On June 10, 2003," "Constitutes" "174th Trial Court's Rendition Of Judgment, In Cause 940376," And "Because The Error Complained Of," to wit; "Plea To 'Both' Enhancement Paragraphs," And "Findings On 'Both' Enhancement Paragraphs," Was "Present In Trial Court's Rendition Of Judgment, On That Day" Of "June 10, 2003," The "Error, If Any," Constitutes, "Judicial Error." (Hernandez-v-Lopez, 288 SW 3rd 180-Ex #22, #39, #23)

"Nunc Pro Tunc Judgment," That "Attempts To Correct A Judicial Error, 'AFTER' Plenary Jurisdiction Has Expired," Is "VOID." (Roman Cath. Diocese-v-County Of Dallas, 228 SW 3rd 475-Hernandez-v-Lopez, 288 SW 3rd 180-Ex #22, #39) Thus, Said Nunc Pro Tunc Judgment Is Void [illegible]

"When Conflict Exists, Between Trial Court's Written Order," And "It's Oral Pronouncement At Trial," The "Written Order Controls." (Gregory-v-State, 180 SW 3rd 743-Ex #22, #39-Nolan-v-State, 537 SW 2nd 267, 269-Anderson-v-State, 896 SW 2nd 359, 361-Eubanks-v-State, 599 SW 2nd 815, 817-Mann-v-State, 787 SW 2nd 580, 582-Thames-v-State, 742 SW 2nd 783, 784)

Thus, "Said Nunc-Pro-Tunc Judgment", Is "VOID", Because "It Attempts To Correct If Anything At All, "A Judicial Error." (Hernandez-v-Lopez, 288 SW.3rd 180-Ex#22,#39) "Mere Operation Of Trial Courts Handily Done" (Roman Cath. Diocese-v-County Of Dallas, 228 SW.3rd 475-Hernandez-v-Lopez 288 SW.3rd 180-Ex#22,#39-T.R.A.P. Rd 319(a)(A)(4).)

Thus, "174th Trial Court Could Have Reasonably Reached Only One Decision", to wit; Vacate and/or Set-Aside, Said Nunc-Pro-Tunc Judgment. (Hernandez-v-Lopez, 288 SW.3rd 180-Ex#22,#39)

"Mandamus Will Issue To Compel Trial Court To Set-Aside A Void Order," Because "Denying A Void Order Is Necessarily An Abuse Of Discretion, For Which The Ordinary Appellate Remedy Is Inadequate." (Dunn-v-Street, 938 SW.2d 33,35-Ex#22,#39 Hernandez-v-Lopez 288 SW.3rd 180-Roman Cath. Diocese-v-County Of Dallas, 228 SW.3rd 475-TRAP #316,#319(a)(A))

"Clear Failure By Trial Court To Analyze, Or Apply Law Correctly (To The Facts) Will Constitute An Abuse Of Discretion." (Walker-v-Packer, 827 SW.2d 833-Joachim-v-Chambers, 815 SW.2d 234,240-Ex#22,#39,#23-TRAP #316,#319(a)(A)) See Hernandez-v-Lopez, 288 SW.3RD 180-Roman Cath. Diocese-v-Dallas County, 228 SW.3rd 475)

-Abuse Of Discretion-

(By Respondent/Texas First (1st) Court Of Appeals)

"Relator Respectfully Asks The Court To "Take Judicial Notice" Of The "Fact", "That The Respondent/Texas First (1st) Court Of Appeals Abused Its Discretion By Refusing and/or Failing To Request A Response, from The 174th Harris County District Court Concerning This Matter."

Thus, "It's Impracticable" For Relator To Include The Judgment Or Other Appealable Order Of 174th Trial Court From Which Relief In Court Of Appeals Was Sought", and "Relator Can/Has Only Included Exhibit #39" to wit; "Certified Document #41069959 Nunc-Pro-Tunc Judgment Rendered On February 11, 2009 By 174th Harris County District Court In Cause #940376."

As Stated Earlier By Relator, The "174th Harris County District Court "FAILED" To Provide Relator With Notice Of, "Said Nunc-Pro-Tunc Motion", and "Said Failure To Notify Relator Has Been Verified, and/or Admitted By Respondent Texas First (1st) Court Of Appeals, In Exhibit #23 Memorandum Opinion In Cause #01-14-00466-CR." (Ex#23,#39)

"Respondent Texas First (1st) Court Of Appeals' Determination That Said Nunc-Pro-Tunc Judgment Fails "To Be "Void," Is "Erroneous/Incorrect," and "Manifests A Clear Failure To Analyze Or Apply The Law Correctly," Which Constitutes An Abuse Of Discretion." (Walker v. Packer, 827 S.W.2d 833)

"Texas Rules Of Civil Procedure Rule # 316," Allows "Correction Of Clerical Mistakes" In The Judgment, "After Notice Of The Motion Therefor Has Been Given To The Parties Interested In Such Judgment, As Provided In Rule # 21a," and "Thereafter The Execution Shall Conform To The Judgment As Amended." (T.R.C.P. # 316)

"Respondent Texas First Court Of Appeals Has Admitted In It's Memorandum Opinion (Ex. # 23) That "174th District Trial Court" "Failed" "To Provide Relator With Notice Of Motion For Nunc-Pro-Tunc Judgment." (Ex. # 23 Pg. # 5 + Pg. # 6 - T.R.C.P. # 316)

"Statutory Prerequisite That Defines, Enlarges, Or Restricts," The ... "Relief A Court May Award Is A Jurisdictional Statutory Requirement." ([illegible] v. Jackson, 212 S.W.3d 797 - Ex. # 22, 23, # 9 - T.R.C.P. # 316)

"Failure To Comply With A Jurisdictional Statutory Prerequisite Is A Defect That Goes To The Trial Court's Subject Matter Jurisdiction." ([illegible] v. Jackson, 212 S.W.3d 797 - T.R.C.P. # 316 - Ex. # 22, 23, 09)

Thus, "174th Trial Court's Failure" To Provide Relator With Notice Of Said Motion For Nunc-Pro-Tunc Judgment," Has "Deprived 174th Court Of Subject Matter Jurisdiction," and "Said Nunc-Pro-Tunc Judgment," Is "Void."

"Lack Of Subject-Matter Jurisdiction Renders A Judgment 'Void'." ([illegible] v. [illegible], 872 S.W.2d 313 - T.R.C.P. # 316 - Ex. # 23, # 22, # 09)

"A Writ Of Mandamus Will Issue ... If Trial Court 'Fails' To Observe A Mandatory Statutory Provision Conferring A Right Or Forbidding A Particular Action; In These Instances, Trial Court's Discretion Is Not Involved," and "It's (Trial Court's) Failure To Comply With The Mandatory Provision, Renders It's Order Or Judgment, 'To Be Void'." ([illegible] Ex Rel. [illegible], 116 S.W.3d 115 - T.R.C.P. # 316 - Ex. # 23, 22, 09)

Thus, "Said Nunc-Pro-Tunc Judgment Is Void," and "Must Be Set Aside and/or Vacated," and "Original Written Judgment Of Judgment (Ex. # 22) Is Valid," and "Fails To Have Time Enhanced For Both Enhancement Paragraphs," and "Twenty-Five (25) Year Sentence Assessed/Imposed In Cause # 940376 For 'Commission Of A Third Degree Felony,' Is A Void/Illegal Sentence," and "Cause # 940376 Must Be Remanded To 174th Trial Court For New Trial On Punishment/Sentence." ([illegible], 388 S.W.3d 180 - [illegible] 234 - T.R.C.P. # 316, 329b(d)(f))

"Respondent Texas First Court Of Appeals; Determination The Alleged Error Complained Of, Guilt, Plea To Both Enhancement Paragraphs, And Finding (Jury) On Both Enhancement Paragraphs, Fails To Be Judicial Error, Is An Incorrect Determination, And Rejects, Defys, And/Or Overrules, The Respondent Texas First Court Of Appeals' Own Decision, In "Hernandez-v-Lopez 288 S.W.3rd 180" And/Or "Hubbard-v-State 896 S.W.2nd 359, 361" And/Or "Manz-v-State, 787 S.W.2nd 580, 582" And Texas Court Of Criminal Appeals, In "Nolan-v-State, 537 S.W.2nd 267, 269", And Eubanks-v-State, 599 S.W.2nd 815, 817.

"Respondent Texas First Court Of Appeals" Has "Set The Precedent", And/Or "Set The Standard Of Review", To "Determine When Rendition Of Judgment Occurs, And What Constitutes Judicial Error". (Hernandez-v-Lopez 288 S.W.3rd 180-Ex.#33,#39)

"Hernandez-v-Lopez 288 S.W.3rd 180", States In Relevant Part:

"Trial Court's Signing Of The Judgment, Constitutes Trial Court's Rendition Of Judgment, And Because The Error Complained Of, Was Present In Trial Court's Rendition Of Judgment On That Day, The Error If Any, Constitutes Judicial Error." (Hernandez-v-Lopez 288 S.W.3rd 180-Ex.#33,#39)

"Error Present During Rendition Of Judgment, Is Always Judicial Error, Which May Not Be Corrected By Nunc-Pro-Tunc Judgment." (Hernandez-v-Lopez, 288 S.W.3rd 180 Ex.#33,#39) And Respondent Texas First Court Of Appeals' Claim That It Relied On [redacted] Rendition In Appellate Cause #01-13-00633-CR, Is "Contrary To Respondent Texas First Court Of Appeals Own Decision", In Hubbard-v-State, 896 S.W.2nd 359, 361, Which States, In Relevant Part:

"Written Order Of Court Controls Over An Oral Pronouncement."

"When A Conflict Exists Between A Trial Court's Written Order", And "Its Oral Pronouncement At Trial", The "Written Order Controls." (Thagard-v-State, 180 S.W.3rd 793 Ex.#33,#39-Nolan-v-State 537 S.W.2nd 267, 269)

"This Is Particularly True, When The Written Order Is Included In The Appellate Record, And No Issue Is Raised As To It's Accuracy (Thagard-v-State 180 S.W.3rd 793-Nolan-v-State, 537 S.W.2nd 267, 269-Ex.#33,#39 (Eubanks-v-State, 599 S.W.2nd 815, 817)

"Texas Court Of Criminal Appeals" Has "Agreed That Written Order Controls", In "Nolan-v-State 537 S.W.2nd 267, 269", And "Eubanks-v-State 599 S.W.2nd 815, 817."

"Relator, Respectfully Moves This Court To 'Take Judicial Notice', Of 'Fact' That 'Original Written Rendition Of Judgment Was Signed June 10, 2003,' And Said Nunc Pro Tunc Judgment Was Issued On February 11, 2009," Some "Five-Six (5-6) Years After 174th Trial Court Lost Plenary Power Over Cause #940376," And "Long After Relator's Direct Appeal, Petition For Discretionary Review, 11.07 Habeas Corpus, And 2254 Federal Habeas Corpus Petitions." (Guerra v. Garza, 865 S.W.2d 573 - Ex. 22, 34 - Nelson v. State 537 S.W.2d 767, 769 - Eubanks v. State 599 S.W.2d 815, 817; Tx. R. C. P. #316, 329b(d)(f))

"Thus 174th Trial Court Rendered Judgment In Cause #940376, When Trial Court Judge George H. Godwin Signed The Original Written Rendition Of Judgment On June 10, 2003," And "The Error Complained Of, If Any Was Made At All", Is "Judicial Error", And "Said Nunc Pro Tunc Judgment Is Void", Because "It Attempts To Correct, If Anything At All, A Judicial Error, After The Expiration Of Trial Court's Plenary Power Jurisdiction." (Ex. 22, 34 - Hernandez v. Lopez 288 S.W.3d 180 - In re Fischer, 56 S.W.3d 265 - Nelson v. State 537 S.W.2d 767, 769 Eubanks v. State 599 S.W.2d 815, 817; Tx. R. C. P. #316, #329b(d)(f))

## IV - FAILURE TO PERFORM A MINISTERIAL DUTY - IV

"Said Nunc Pro Tunc Judgment Is 'Void'", Due To "Lack Of Subject-Matter Jurisdiction, Failure To Comply With A Mandatory Jurisdictional Statutory Prerequisite (Notice)" and/or "An Attempt To Correct A Non-Clerical Judicial Error, If Anything At All," "After Expiration Of 174th Trial Court's Plenary Power Jurisdiction Over Cause #940376." (Ex. 22, #34 - Tx. R. C. P. #316, #329b(d)(f))

Thus, "Action Sought To Be Compelled," To wit; "For 174th Trial Court To Vacate And/Or Set Aside" The "Void" Nunc Pro Tunc Judgment, Rendered Feb. 11, 2009 In Cause #940376, Is "A Ministerial Duty."

"Trial Court (Fails To Have) Has 'NO' Discretion" To Refuse To Set Aside Void Judgment, But, "Has A Duty To Do So At Any Time, That Such Matter Is Brought To Its Attention." (Mitchell v. Jackson, 262 S.W.3d 797 - Ex. #22, 34 - T.R.C.P. 329b(d)(f) 316 - Hernandez 288 S.W.3d 180)

Thus, "Respondent Texas First Court Of Appeals Should Have Granted Mandamus Relief," Because "Relator Is Entitled To The Mandamus Relief/Action Sought To Be Compelled."

"Act Is Ministerial, If It Fails To Involve The Exercise Of Discretion." (In re State, 342 S.W.3d 497 - T.R.C.P. 316, Tex. #329b(d)(f) - Ex. #22, 34 - Hernandez v. Lopez 288 S.W.3d 180)

Thus, Respondent Texas First Court Of Appeals Had Ministerial Duty To Grant Mandamus Relief Sought, To wit; "Order 174th Trial Court To Vacate/Set Aside Said Nunc Pro Tunc Judgment," and Respondent Failed To Perform Its Ministerial Duty."

## V - No Adequate Remedy By Appeal - V

"Relator Was Denied Notice Of, and/or 'Hearing' On, Said 'Nunc Pro Tunc Motion' and/or 'Judgment' Filed/Issued On Feb. 11, 2009, and 'When Relator Received Notice Of Said Nunc Pro Tunc Judgment, In December 2009/January 2010, The Time Limits To Give Notice Of Appeal Or To File Any Type Appeal Had Expired. Thus, Relator Lacks Adequate Remedy To Appeal. But, Because Said Nunc-Pro-Tunc Judgment 'Is' Void, The Relator Is Not Required To [illegible] That Relator Has No Adequate Remedy By Appeal."

"If Order/Judgment Challenged By Writ Of Mandamus Is 'Void,' The Relator Need Not Show That It Lacks Any Adequate Appellate Remedy." (Cite: State Ex Rel. [illegible], 116 S.W.3d 115 - In re [illegible], 116 S.W.3d 505 - Tex. R. App. P. #386, [illegible] #390(a)(4) - Pg. #22, #24 - [illegible] v. [illegible], 208 S.W.3d 180)

"Mandamus Will Issue To Vacate A Void Order, Even When There Is An Adequate Appellate Remedy." (Cite: Flores, 111 S.W.3d 817 - In re [illegible], 276 S.W.3d 592 - In re Office Attorney General Texas, 264 S.W.3d 800 - Tex. R. C.P. #316, 329a, 329b(d)(f) - Pg. #22, #24, #23 - [illegible] v. [illegible], 208 S.W.3d 180)

## VI - No Adequate Remedy By Law - VI

"Relator Has No Other Adequate Remedy By Law, To Challenge Said Nunc Pro Tunc Judgment, And/Or Seek Review Of Court Of Appeals Decision In Cause #01-14-00466-CR, and Relator 'Cannot' Seek Review Of Court Of Appeals Decision In Cause #01-14-00466-CR By P.D.R. (Petition For Discretionary Review), Thus Mandamus Is The Only Remedy. ([illegible] v. State, 690 S.W.2d 724 - Pg. #22, #24, #23) Also, Because Nunc Pro Tunc Judgment Is Void, The Relator Is Not Required To Pursue Other Available Remedies." (Cite: [illegible], 258 S.W.3d 328 - [illegible] v. Huffman, 893 S.W.2d [illegible] - Pg. #22, #24)

"Relator Cannot Seek Review Of Court Of Appeals Decision To Deny Mandamus Relief By Petition For Discretionary Review."

PRAYER → Wherefore Premises Considered, Relator Prays That This Court Shall Order The Court Of Appeals' Judgment In Cause #01-14-00466-CR Be Reversed, and Order Respondent Texas First Court Of Appeals To Issue An Order Or Writ Of Mandamus That Orders The 174th Harris County District Court, To 'Vacate/Set Aside Nunc Pro Tunc Judgment,' Because Nunc Pro Tunc Judgment Issued Feb. 11, 2009, In Cause #940376 Is 'Void,' and Bench Warrant Relator Back To Harris County For New [redacted] Punishment/Sentence, because, 'Under The Facts And Certain Enhancement Paragraphs, The Thirty-Five (35) Year Sentence Imposed and/or Assessed For Conviction Of A Third (3rd) Degree Felony, Is A Void Sentence,' As Well As 'Any And All Other Relief Relator May Be Entitled To As A Matter Of Law.'

Ted L. Robertson - Pro-Se

-Certification-

"I, Ted Lawrence Robertson, #1173868, Certify That I Have Reviewed This Petition, And Concluded That Every Factual Statement In This Petition, Is Supported By Competent Evidence, Included In The Appendix, Or Record."

Ted L. Robertson -(Pro-Se)

-Appendix-

(1) Exhibit #22 - Original Written Rendition Of Judgment In Cause #940376: Signed By 174th Trial Court Judge George H. Godwin, On June 10, 2003 - Certified Document #15439435

(2) Exhibit #24 - Nunc-Pro-Tunc Judgment In Cause #940376, Issued February 11, 2009; Signed By New 174th District Court Judge Ruben Guerrero - Certified Document #41069959

(3) Exhibit #23 - Memorandum Opinion, In Cause #01-14-00466-CR; Issued By The Respondent/Texas First Court Of Appeals, On September 04, 2014

(4) Texas Rules Of Civil Procedure, Rule #316 - Correction Of Clerical Errors In Record: "Clerical Mistakes In The Record Of Any Judgment, May Be Corrected By Judge, In Open Court... After Notice Of The Motion Therefor, Has Been Given To The Parties Interested In Such Judgment, As Provided In Rule #21a, And Thereafter The Execution Shall Conform To The Judgment, As Amended."

(5) Texas Rules Of Civil Procedure, Rule #21a - Methods Of Service: "Every Notice Required By These Rules, And Every Pleading, Plea, Motion, Or Other Form Of Request, Required To Be Served Under Rule 21, ... May Be Served By ... Certified Or Registered Mail To Party's Last Known Address".

## -Appendix-

(6) Texas Rules Of Civil Procedure, Rule #329b(d)-Time For Filing Motions:
"Trial Court, Regardless Of Whether An Appeal Has Been Perfected, Has Plenary Power To Grant A New Trial Or To Vacate, Modify, Correct Or Reform The Judgment 'Within Thirty (30) Days After' The Judgment Is Signed."

(7) Texas Rules Of Civil Procedure, Rule #329b(f)-Time For Filing Motions:
"On Expiration Of Time Within Which Trial Court Has Plenary Power, A Judgment Cannot Be Set Aside By Trial Court Except By A Bill Of Review, For Sufficient Cause Filed Within The Time Allowed By Law; ... Court May, At Any Time, Correct A Clerical Error In The Record Of A Judgment and Render Judgment By Nunc Pro Tunc, Under Rule #316."

## Certificate Of Service-

"I, Ted L. Robertson, #1175868, Being Presently Confined At Michael Unit Of T.D.C.J., Declare Under Penalty Of Perjury That The Foregoing Is True and Correct, and That A True and Correct Copy Of This Document, Was Sent By Regular U.S. Mail, To The Respondent Texas First Court Of Appeals, C/o Clerk, Mr. Christopher A. Prine, Addressed To: Texas Court Of Appeals, First District, 301 Fannin St., Houston, Texas 77002-2066 By Depositing Same/Said Document, In Michael Unit's Internal Mail, Postage Prepaid, On January 05, 2015."

Ted L. Robertson (Pro-Se)

-C.O.A.#-01-14-00966-CR-

-Trial Court Cause #940376-

## -Affidavit Of Inability To Pay Costs-

The Following Affidavit, Is Made Pursuant To The "Texas Rules Of Civil Procedure, Rule #145," And/Or Title #6, Chapter 132, Of Texas Civil Practice And Remedies Code:

Now Respectfully Comes Relator, Ted Robertson #1175868 And Declares That I Am Unable To Pay The Court Costs In This Civil Action, And Requests Of The Court To Proceed "In Forma Pauperis", In This Civil Action, And Would Show The Court The Following:

(1) I Am Presently Confined At Michael Unit Of T.D.C.J., "Where I Am Not Allowed To Earn Or Handle Money,"

(2) I Have 'Zero' Current Employment Income,

(3) I Have 'Zero' Government Entitlement Income,

(4) I Have 'Zero' Source Of Other Income,

(5) I Have 'Zero' Spousal Income,

(6) I Currently 'Zero' Dollars, Credited To My Inmate Trust Fund,

(7) I Have 'Zero' Cash,

(8) I Have 'Zero' Checking Or Savings Accounts,

(9) I Have 'Zero' Stocks, Insurance, And/Or Trust Fund,

(10) I Have 'Zero' Other Assets,

(11) During Relator's Confinement In T.D.C.J., Relator Has Received Approximately ($37.00) Thirty-Seven Dollars Per Month, As "Gifts From Family And/Or Friends,"

(12) I Neither Own, Nor Have Interest In Any Realty, Stocks, Bonds, Or Bank Account, And I Have Received 'Zero' Interest, Or Dividends Income From Any Source,

(13) I Have 'Zero' Dependents, Other Than My Self,

(14) I Have Total Debts Of Approximately ($10,000.00) Ten Thousand Dollars,

(15) I Owe Approximately ($500.00) Five-Hundred Dollars In Court Costs,

(16) I Have Monthly Expenses Of Approximately ($75.00) Seventy-Five Dollars,

(17) I Have 'Zero' Ability To Obtain A Loan For Court Costs,

-AFFIDAVIT OF INABILITY TO PAY COSTS- (CONT'D)

(18) NO ATTORNEY, IS PROVIDING FREE LEGAL SERVICE TO RELATOR, WITH OR WITHOUT A CONTINGENT FEE,

(19) NO ATTORNEY, HAS AGREED TO PAY FOR APPELLATE COURT COSTS."

"I AM UNABLE TO PAY THE COURT COSTS. I VERIFY THAT THE STATEMENTS, MADE IN THIS AFFIDAVIT, ARE TRUE AND CORRECT."

JANUARY 07, 2015

Ted L. Robertson (Pro-Se)